**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 03-4805**

---

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

JOSEPH STACEY SHEFFIELD,

                                    Defendant - Appellant.

---

Appeal from the United States District Court for the District of
South Carolina, at Florence.  C. Weston Houck, Senior District
Judge.  (CR-03-469)

---

Submitted:  October 7, 2004          Decided:  October 13, 2004

---

Before WIDENER, NIEMEYER, and WILLIAMS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Henry M. Anderson, Jr. ANDERSON LAW FIRM, P.A., Florence, South
Carolina, for Appellant. William Earl Day, II, Assistant United
States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Joseph Stacey Sheffield pled guilty to wire fraud and was sentenced to twelve months of imprisonment. On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), alleging that there are no meritorious claims on appeal but raising one issue: whether the magistrate judge complied with Fed. R. Crim. P. 11 in conducting Sheffield's plea hearing. Sheffield was advised of his right to file a pro se supplemental brief, but has not done so. For the reasons that follow, we affirm.

This court generally reviews the adequacy of a guilty plea de novo. United States v. Damon, 191 F.3d 561, 564 n.2 (4th Cir. 1999). But where, as here, a defendant did not move to withdraw or object to his guilty plea in the district court, violations of Rule 11 are evaluated for plain error. United States v. Martinez, 277 F.3d 517, 524-25 (4th Cir.) (holding that adequacy of Rule 11 hearing reviewed for plain error where there is no motion to withdraw plea), cert. denied, 537 U.S. 899 (2002); United States v. Osborne, 345 F.3d 281, 286-90 (4th Cir. 2003) (discussing magistrate judge's authority to conduct plea hearing). Our review of the plea hearing reveals no error.

We have examined the entire record in this case in accordance with the requirements of Anders and find no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to

- 2 -

petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED